UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HARRIETT POOLER**

    **Plaintiff,**

**VERSUS**

**THE NATURE CONSERVANCY**

    **Defendant.**

**CIVIL ACTION NO. 3:16-cv-00446-BAJ-EWD**

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

**NOW INTO COURT**, through undersigned counsel, comes The Nature Conservancy ("Defendant"), and submits the following Answer and Affirmative Defenses in response to the Complaint filed by Harriett Pooler ("Plaintiff" or "Pooler"). Defendant respectfully states as follows:

**OPENING PARAGRAPH**

The allegations in the opening paragraph of Plaintiff's Complaint do not require a response by Defendant. Defendant specifically denies that any unlawful employment practices related to Plaintiff's employment with Defendant occurred.

**PARTIES**

1. Defendant admits that Plaintiff is a person of the full age of majority and denies the allegations about her citizenship/residency status due to a lack of sufficient information to justify a reasonable belief as to their truth. Defendant further admits that Plaintiff is female, but denies

{B1118963.1}

1

any characterization or summary of Title VII, which speaks for itself, and denies that it violated any of Plaintiff's rights under Title VII.

2. Defendant denies that it is domiciled in the State of Washington. Defendant admits the remaining allegations in Paragraph 2 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint contains legal assertions and conclusions to which no response is required. Further answering, Defendant admits that this Court has subject matter jurisdiction to hear this case, but denies that any unlawful employment practices related to Plaintiff's employment with Defendant occurred.

4. Paragraph 4 of the Complaint contains legal assertions and conclusions to which no response is required. Further answering, Defendant admits that venue is proper in this Court, but denies that any unlawful employment practices related to Plaintiff's employment with Defendant occurred.

## FACTUAL ALLEGATIONS

5. Defendant admits that Plaintiff began her employment with Defendant on December 28, 2009 as a Donor Relations Manager in Defendant's Louisiana chapter's Baton Rouge office. Defendant denies the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that Don McDowell was the Director of Philanthropy at the time Plaintiff was hired. Defendant also admits that Laura Lanier was selected for the Director of Philanthropy position upon Mr. McDowell's retirement, Ms. Lanier was CFRE certified, and Ms. Lanier was more qualified for the position than Plaintiff. Defendant denies the remaining allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations in Paragraph 7 of Plaintiff's Complaint, and specifically denies that any unlawful employment practices related to Plaintiff's employment with Defendant occurred.

8. Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint, and specifically denies that any unlawful employment practices related to Plaintiff's employment with Defendant occurred.

9. Defendant admits that Jolie Sibert was the Director of the Coda Fellowship program in September of 2012. Defendant also admits that Plaintiff was selected for the Coda Fellowship program. Defendant denies the remaining allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint regarding Plaintiff's alleged conversations with George Gill due to a lack of sufficient information to justify a reasonable belief as to their truth. Defendant denies the remaining allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendant admits the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Defendant admits that in January of 2014, Ms. Creasman and Mr. Ouchley contacted Matt Klage, Regional Human Resources Manager for Central U.S. Division, to inform him of performance issues they observed regarding Plaintiff. Defendant denies the remaining allegations in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Defendant admits that Mr. Ouchley generally encourages employees to explore options and advance their careers within The Nature Conservancy.  Defendant denies the remaining allegations in Paragraph 25 of Plaintiff's Complaint.

26. Defendant admits that on February 3, 2014, Mr. Ouchley, Ms. Creasman, and Ms. Lanier met with Plaintiff to discuss her performance issues and generally expressed that her behavior was not acceptable, among other things.  Defendant further admits that Plaintiff was offered the option to either separate from employment with Defendant or agree to a performance improvement plan, and that Plaintiff agreed to participate in a performance improvement plan. Defendant denies the remaining allegations in Paragraph 26 of Plaintiff's Complaint.

27. Defendant admits that on February 11, 2014, Ms. Creasman and Ms. Lanier met with Plaintiff to discuss next steps, including performance standards to measure progress moving forward.  Defendant denies the remaining allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendant admits that on March 18, 2014, Mr. Ouchley, Ms. Creasman and Ms. Lanier met with Plaintiff to discuss her status under the performance improvement plan, and that because Plaintiff had not made the necessary improvements to her performance or behavior, the

performance improvement plan was extended for an additional sixty days. Defendant denies the remaining allegations in Paragraph 28 of Plaintiff's Complaint.

29. Defendant admits that Mr. Klage spoke to Plaintiff on or around March 20, 2014 about her performance plan. Defendant denies the remaining allegations in Paragraph 29 of Plaintiff's Complaint.

30. Defendant admits that Plaintiff's employment was terminated effective April 8, 2014. Defendant further admits that Defendant received an email from Plaintiff with fabrications. Defendant denies the remaining allegations in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations regarding Plaintiff's filing of a Charge of Discrimination due to a lack of sufficient information to justify a reasonable belief as to their truth. Defendant denies the remaining allegations in Paragraph 31 of Plaintiff's Complaint and specifically denies that any unlawful employment practices related to Plaintiff's employment with Defendant occurred.

32. Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint due to a lack of sufficient information to justify a reasonable belief as to their truth, and specifically denies that any unlawful employment practices related to Plaintiff's employment with Defendant occurred.

33. Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint due to a lack of sufficient information to justify a reasonable belief as to their truth, and specifically denies that any unlawful employment practices related to Plaintiff's employment with Defendant occurred.

## FIRST CAUSE OF ACTION: "QUID PRO QUO" HARASSMENT

34. To the extent applicable and appropriate, Defendant incorporates and realleges its answers to Paragraphs 1 through 33 as if fully restated herein.

35. Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint and specifically denies that any unlawful employment practices related to Plaintiff's employment with Defendant occurred.

36. Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint and specifically denies that any unlawful employment practices related to Plaintiff's employment with Defendant occurred.

37. Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint and specifically denies that Plaintiff is entitled to any damages, denies that Plaintiff has stated a claim for punitive damages, and denies that any unlawful employment practices related to Plaintiff's employment with Defendant occurred.

**FIRST CAUSE OF ACTION:**
**HOSTILE WORK ENVIRONMENT**

38. To the extent applicable and appropriate, Defendant incorporates and realleges its answers to Paragraphs 1 through 33 as if fully restated herein.

39. Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint and specifically denies that any unlawful employment practices related to Plaintiff's employment with Defendant occurred.

40. Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint and specifically denies that any unlawful employment practices related to Plaintiff's employment with Defendant occurred.

41. Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint and specifically denies that Plaintiff is entitled to any damages, and denies that any unlawful employment practices related to Plaintiff's employment with Defendant occurred.

## THIRD CAUSE OF ACTION:
## RETALIATION

42. To the extent applicable and appropriate, Defendant incorporates and realleges its answers to Paragraphs 1 through 33 as if fully restated herein.

43. Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint and specifically denies that any unlawful employment practices related to Plaintiff's employment with Defendant occurred.

44. Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint and specifically denies that any unlawful employment practices related to Plaintiff's employment with Defendant occurred.

45. Defendant denies the allegations in Paragraph 45 of Plaintiff's Complaint and specifically denies that Plaintiff is entitled to any damages, and denies that any unlawful employment practices related to Plaintiff's employment with Defendant occurred.

## JURY DEMAND

46. Plaintiff's jury trial demand in the Complaint does not require a response from Defendant. Insofar as a response may be required, Defendant denies Plaintiff's demand for a jury trial and denies that all elements of Plaintiff's Complaint may be tried to a jury

## PRAYER FOR RELIEF

Defendant denies Plaintiff's Prayer for Relief as contained in subparts A through D of the Complaint. Defendant further Defendant denies any liability or damage to Plaintiff and affirmatively states that there are no grounds in law or in fact that warrant the granting of Plaintiff's prayer for relief and that the request is neither appropriate or justified.

## AFFIRMATIVE DEFENSES

The following defenses are not stated separately as to each claim for relief or allegation of Plaintiff. Nevertheless, the following defenses are applicable, where appropriate, to any and all of Plaintiff's claims for relief. In addition, Defendant, in asserting the following defenses, does not admit that the burden of proving the allegations or denials contained in the defenses is upon Defendant but, to the contrary, asserts that by reason of denials and/or by reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and/or the burden of proving the inverse of the allegations contained in many of the defenses is upon Plaintiff. Moreover, Defendant does not admit, in asserting any defense, any responsibility or liability of Defendant but, to the contrary, specifically denies any and all allegations of responsibility and liability in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

At all pertinent times, policies and procedures regarding the prohibition, reporting, and/or remediation of unlawful employment practices were in effect with respect to the employment decisions made the subject of this action, and Plaintiff was aware of those policies and procedures. At all pertinent times, Defendant exercised reasonable care to prevent and promptly correct any alleged unlawful employment practices, and Plaintiff unreasonably failed to either take advantage of preventive or corrective opportunities provided by her employer or to otherwise avoid harm. To the extent Plaintiff alleges she availed herself of any such reporting or

complaint procedures, any such report or complaint was promptly and adequately addressed, and appropriate remedial measures were taken if necessary.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff claims or establishes that she was subject to an adverse employment action, Defendant asserts that any such action or decision was based on legitimate, non-discriminatory reasons and that it acted in good faith toward Plaintiff at all times.

### FOURTH AFFIRMATIVE DEFENSE

Defendant denies liability and denies that Plaintiff has sustained any damages due to any conduct of Defendant. In the alternative, Plaintiff's damages, if any, should be reduced to the extent she has failed to mitigate her damages.

### FIFTH AFFIRMATIVE DEFENSE

In the alternative, if liability is established, Defendant is entitled to an offset against any award of back pay in an amount equal to all interim earnings by Plaintiff from other employment and/or sources and all other additional sums that constitute interim earnings or compensation Plaintiff could have earned had she made a reasonable effort to mitigate her damages as required by law. Defendant is also entitled to any other additional offsets permissible by law.

### SIXTH AFFIRMATIVE DEFENSE

The claims for damages of Plaintiff are subject to all applicable limitations and caps on the recovery of such damages.

### SEVENTH AFFIRMATIVE DEFENSE

Any emotional distress suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state facts sufficient to provide a legal or factual basis to award damages to Plaintiff for past and future mental anguish and anxiety, past and future mental and emotional distress, stress, anger and anxiety.

## NINTH AFFIRMATIVE DEFENSE

Defendant denies any and all liability for punitive damages for any alleged acts of its employees which are contrary to Defendant's good faith efforts to comply with Title VII and federal civil rights laws.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's request for punitive damages is barred by the defense set forth in *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999), in that Defendant has anti-discrimination and anti-harassment policies, makes reasonable efforts to educate its employees about its anti-discrimination and anti-harassment policies and the prohibitions of Title VII and other civil rights laws, and makes reasonable efforts to enforce its anti-discrimination and anti-harassment policies. Moreover, such claims of discrimination and harassment, which are denied by Defendant, do not evidence a malicious, reckless, and/or fraudulent intent to deny Plaintiff her rights, and are not otherwise so wanton or willful so as to support an award of punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

All actions taken by Defendant with respect to Plaintiff were justified, privileged, reasonable, and in good faith, without any improper motive, purpose, or means, and without any hatred, ill will, malice, or intent to injure Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant further alleges by way of affirmative defenses that all actions, events, injuries, and/or damages complained of by Plaintiff, the existence of which are denied by Defendant, were, if they occurred, wholly or in part, the result of the fault, neglect, wrongful acts and/or omissions of Plaintiff, and the claims asserted by Plaintiff should, therefore, be dismissed.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any award of punitive damages in this case would violate the constitution of the State of Louisiana and the United States of America.

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent Defendant discovers, during the course of this action, that Plaintiff engaged in any conduct that would warrant discharge or other employment action under company policy, practice, or procedure, Plaintiff's alleged damages will be limited or barred in accordance with the after-acquired evidence doctrine, and Defendant reserves the right to assert the after-acquired evidence defense.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent she failed to exhaust her administrative remedies, or to comply with any other conditions precedent to the filing of this action with regard to some or all of the claims asserted for which exhaustion is required under federal and/or state law. Additionally, all claims based on alleged unlawful employment practices not made the subject of a charge timely filed with the appropriate federal and/or state agency are time-barred.

## SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's allegations may be barred by the applicable statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant denies every allegation, whether express or implied, that is not unequivocally and specifically admitted in this Answer and Affirmative Defenses.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its answer to assert additional affirmative defenses if and when, in the course of its investigation, discovery, or preparation for trial, they become known or available or it otherwise becomes appropriate to assert such defenses.

**WHEREFORE**, Defendant, The Nature Conservancy, prays that this Answer and Affirmative Defenses to the Complaint be deemed good and sufficient, and all claims asserted by Plaintiff be dismissed, with prejudice at Plaintiff's sole expense, and that The Nature Conservancy be awarded its costs and all other sums to which it is entitled as a result of having to defend itself in this proceeding and all other relief available in the circumstances, including but not limited to attorneys' fees and other amounts due as a result of any failure to comply with Federal Rule of Civil Procedure 11.

Respectfully submitted,


/s/ *Alison P. Lungstrum*
Alison P. Lungstrum (Bar No. 36219)
Jones Walker LLP
201 St. Charles Avenue
New Orleans, LA  70170-5100
Telephone: (504) 582-8262
Facsimile: (504) 589-8262
E-mail: alungstrum@joneswalker.com

and

Jennifer L. Anderson (Bar No. 23620)
Jones Walker LLP
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA 70809
Telephone: (225) 248-2040
Facsimile: (225) 248-3040
E-mail: janderson@joneswalker.com

***Attorneys for Defendant, The Nature Conservancy***


## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2016, a copy of the foregoing was filed electronically using the Court's CM/ECF system and served in accordance with the Federal Rules of Civil Procedure. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

*/s/ Alison P. Lungstrum*
Alison P. Lungstrum